**Homer BANKS, Petitioner–Appellant,**

v.

**Andrew J. JACKSON, Warden, Respondent–Appellee.**

No. 03–1364.

United States Court of Appeals, Sixth Circuit.

Aug. 31, 2005.

Homer Banks, Carson City, MI, pro se.

Benjamin G. Dusing, Baker & Hostetler, Cincinnati, OH, for Petitioner–Appellant.

Laura Graves Moody, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before MARTIN and ROGERS, Circuit Judges; FORESTER, District Judge.[*]

ROGERS, Circuit Judge.

Homer Banks appeals the district court's decision denying Banks' petition for a writ of habeas corpus. In 1994, Banks was convicted in Michigan of two counts of first-degree murder. Among other claims on appeal, Banks alleges that he learned, after the completion of his state appeals and postconviction applications, that the prosecutor in his case had sought before trial to offer Banks a plea bargain. Banks alleges that his attorney rendered ineffective assistance by declining the offer without consulting Banks. Because Banks has not exhausted state remedies in pursuing this claim, and the claim is not procedurally defaulted, we remand this matter to the district court to consider, under *Rhines v. Weber*, —— U.S. ——, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), whether it is appropriate to stay the proceedings pending exhaustion.

At Banks' murder trial, Robert Neaher, a co-defendant, testified for the prosecution. Neaher had received a plea bargain. In exchange for cooperation including testifying at Banks' trial, Neaher was permitted to plead guilty to second-degree murder. Neaher testified that Banks and Tim Poole were close friends. Neaher testified that in 1982, Neaher had conspired with Tim Poole, Homer Banks, and Homer's wife Nancy Banks, to kill Poole's ex-wife, Linda Wright, and Wright's husband, Patrick Wright. Neaher testified that Poole solicited Neaher to kill the Wrights in exchange for $20,000, and that Neaher had executed the killings. Neaher testified that Banks had acted as an accomplice in the killings in several ways, including assisting Neaher in procuring the murder weapon, providing Neaher with directions to the victims' house, and, after the killings, wiring money to Neaher in compensation for the murders. Banks, on the other hand, testified that he knew Poole, and had been the best man at Poole's wedding, but that the two were not close friends. Banks testified that he had known Neaher socially, but that Banks had not conspired with Poole or Neaher in the murders of the Wrights.

Banks was convicted of two counts of first-degree murder on November 11, 1994, and sentenced to two concurrent terms of life imprisonment without the possibility of parole. The Michigan Court of Appeals affirmed Banks' conviction on May 9, 1997. JA 377. The Michigan Supreme Court denied Banks' delayed appli-

---

[*] The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

cation for leave to appeal on April 27, 1998. JA 379. Banks then, acting pro se, filed a motion for relief from judgment alleging, among other errors, ineffective assistance of counsel (claims unrelated to the plea offer ineffective assistance claims asserted here). The trial court denied relief. JA 421. Banks filed a delayed application for leave to appeal this decision; the Michigan Court of Appeals dismissed the application on December 15, 2000. JA 380. Banks did not apply for leave to appeal the dismissal to the Michigan Supreme Court.

■ Banks filed a pro se petition for habeas corpus in the U.S. District Court for the Eastern District of Michigan on August 31, 2001, and submitted a brief in support of the petition on January 22, 2002.[1] In his habeas petition, Banks alleged, "Prior to the commencement of trial, the prosecution discussed several significant plea bargains with Petitioner Banks' defense attorney, William Ziem. However, defense counsel did not discuss with nor inform Mr. Banks of any of the proposed plea bargains." JA 156. Banks had not raised this claim in state court, and there is no information in the record, other than exhibits attached to Banks' brief in support of his habeas petition, relating to it. As an exhibit to his brief, Banks attached his own affidavit. Banks states in the affidavit that Ziem offered Banks a plea bargain that involved "a reduced charge to

accessory after the fact and a maximum sentence of (5) five years." JA 230. Further, Banks states, he would have accepted this plea bargain, had Ziem informed him of it. Banks states that he did not learn of these proffered plea bargains until "just recently when my case was reviewed by a prisoner paralegal, who informed me of said plea bargains and was curious as to why I would not or did not plead guilty." *Id.* As another exhibit, Banks attached a December 1, 2001, letter from Shawn Perry, the attorney who represented Banks' wife, Nancy, in charges resulting from the same killings. The letter states that Perry was present when the prosecutor, Thomas Evans, offered plea bargains to Ziem:

> It has been a long time, but I am certain that Mr. Evans made direct and real plea bargain offers that accompanied an expectation of acceptance or rejection by you through your attorney.... Your attorney always indicated that the only offer you would accept is one that accompanied no additional jail time or a complete dismissal. I had always assumed that he presented the offers to you and you rejected them. He definitely turned the offers down.

JA 356. Banks did not authenticate this letter by asking Perry to execute an affidavit confirming the truth of the letter's contents.[2] Finally, Banks attached as an ex-

---

1. It appears that Banks' habeas petition was untimely. Nonetheless, the State has forfeited the defense of untimeliness by failing to raise it in its responsive pleading. *See Scott v. Collins*, 286 F.3d 923, 927–928 (6th Cir.2002). Further, the district court did not treat timeliness in its opinion, and the State does not raise the issue on appeal.

2. On May 6, 2005, Banks moved this court to supplement the record with an affidavit executed by Shawn Perry, authenticating Ms. Perry's December 2001 letter to Banks. This motion is denied. Rule 10(e) allows the court to correct material misstatements that are the

result of clerical error or accident. *Thompson v. Bell*, 373 F.3d 688, 690 (6th Cir.2004), *rev'd on other grds. by Bell v. Thompson*, —— U.S. ——, 125 S.Ct. 2825, 162 L.Ed.2d 693 (2005). Rule 10(e) does not permit inclusion of material negligently omitted from the record. *Id. Thompson* held that the court may make such inclusions in its equitable powers. *Id.* at 690–691. Banks does not assert that he negligently failed to include Perry's affidavit as an exhibit before the district court. In fact, this affidavit did not exist until April 27, 2005, long after the development of the record before the district court. Therefore, this case is different from *Thompson*, where this

hibit a letter from Ziem. Responding to Banks' query about the plea offers, Ziem states, "I remember that the Prosecutor and I talked about a manslaughter plea. To the best of my knowledge, it was never formally 'offered' by the Prosecutor." JA 354. Banks did not authenticate this letter, either.

On February 25, 2003, the district court denied Banks' petition. The district court found procedural default with respect to Banks' ineffective assistance claim based on Ziem's failure to communicate plea offers to Banks. First, the court found, 28 U.S.C. § 2254(e)(2) prohibited an evidentiary hearing on the extra-record evidence on which the claim relied, because Banks had not shown reasonable diligence in discovering the factual basis of his claim. Second, the court found, Banks had failed to raise the claim at any point in state court, and Michigan law barred him from raising the claim now in a state postconviction proceeding. On May 12, 2003, the district court granted a certificate of appealability as to (1) Banks' ineffective assistance of counsel claims concerning the declined plea offers; (2) a claim that the prosecutor improperly vouched for prosecution witnesses' credibility; and (3) Banks' claim that cumulative error rendered his trial fundamentally unfair. JA 572. Banks timely appealed.

■ Banks has never presented to the state courts his ineffective assistance claim relating to the plea offers his lawyer allegedly failed to communicate to him; therefore, the claim is unexhausted. Further, the claim is not procedurally defaulted,

because Banks arguably has a remaining remedy under Michigan law. Courts are discouraged from considering the merits of "mixed petitions" (those containing both exhausted and unexhausted claims), but they may dismiss a mixed petition with prejudice where the unexhausted claims on their face lack merit. *See Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (district court must dismiss mixed petitions); 28 U.S.C. § 2254(b)(2) (1994 & Supp.2005) (petition may be denied on merits notwithstanding petitioner's failure to exhaust state remedies); *Duncan v. Walker,* 533 U.S. 167, 183, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring) (noting that § 2254(b)(2) "gives the district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims"); *Palmer v. Carlton,* 276 F.3d 777, 780 (6th Cir.2002) (same). Because we are unable to say on the record before us that Banks' ineffective assistance claim lacks merit, it is unnecessary for this court to consider Banks' claims of prosecutorial misconduct and cumulative error. We remand the entire petition to the district court, with instructions to exercise its discretion in determining whether it is appropriate to stay the proceedings pending exhaustion of state remedies. *See Rhines,* 125 S.Ct. at 1535.

Banks argues that his claim of ineffective assistance, based on his attorney's alleged failure to convey a plea offer, is unexhausted, and that he should therefore be permitted to return to state court to exhaust remedies.[3] Appellants' Br. at 23.

---

court supplemented the record with a deposition taken during discovery, but negligently omitted from the party's motion for summary judgment. *Id.* Further, in *Thompson,* supplementing the record did not create a risk of surprising the opposing party, since its counsel had taken the deposition. *Id.* at 691. Here, on the other hand, opposing counsel

was not aware of Perry's affidavit until Banks submitted his motion to supplement, and opposing counsel has not had an opportunity to cross-examine Perry. For these reasons, equity does not require that Banks' motion to supplement the record be granted.

3. Banks argued in his brief on appeal that this court should remand his case to the district

As of 1995, Michigan allows only one post-conviction motion for relief from judgment. Mich. Ct. R. 6.502(G)(1) (2004). Banks has already used this motion as of right. A second or successive motion is permitted only if based on a retroactive change in the law, or if based on "a claim of new evidence that was not discovered before the first such motion." *Id.* at 6.502(G)(2).

This court should exercise caution in finding that a state procedural rule bars Banks from presenting his ineffective assistance claim in Michigan courts, Banks argues, because Michigan courts have not had the opportunity to pass on this question for themselves. Appellant's Br. at 23. This argument is persuasive. Where a state procedural rule, if applicable, would cause a petitioner to default an otherwise unexhausted claim, the habeas court should find procedural default only "if it is *clear* that [the] claims are now procedurally barred under [state] law." *Gray v. Netherland,* 518 U.S. 152, 161–162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (emphasis added) (quoting *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)). Because it is at least debatable whether the Michigan courts would entertain this claim on a second or successive motion for state postconviction relief, the claim is not defaulted.

An application for habeas corpus cannot be granted (with exceptions inapplicable here) unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A remedy is "available" if the applicant "has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c). The exhaustion of remedies doctrine is "de-signed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Lundy,* 455 U.S. at 518, 102 S.Ct. 1198. When exhaustion turns on whether the petitioner has sought *enough* review of a claim that he presented to a lower state court, the petitioner must show that he "invoke[d] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Exhaustion requires the petitioner to pursue an extraordinary remedy such as state postconviction relief only if necessary to allow the state courts to hear a claim never asserted on direct review. *See Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534–35 (10th Cir.1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review or in a postconviction attack.").

When an adequate and independent state ground forecloses a federal claim, it can be said that the petitioner has technically exhausted state remedies, because none are available to him. The claim is barred not for failure to exhaust, but instead for procedural default. *Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Usually, a habeas court finds procedural default where "the last state court rendering judgment on the claim at issue, in fact, enforced the applicable state procedural rule so as to bar that claim." *Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004). On the other hand, a federal habeas court must exercise caution when deciding, without the benefit of the state's view, whether a state procedural rule would bar in state

court with instructions to dismiss his petition without prejudice. Appellant's Br. at 42. At oral argument, counsel requested a different result, arguing that this court should instead remand the case to the district court with instructions to stay the proceedings pending exhaustion of state remedies.

court a claim that the habeas petitioner is pressing for the first time in federal court. Therefore, unless it is clear that the state court would not consider the merits of a petitioner's unexhausted claim, the claim is not procedurally defaulted. *See Gray,* 518 U.S. at 161–162, 116 S.Ct. 2074; *Slutzker v. Johnson,* 393 F.3d 373, 380 (3d Cir. 2004).

■ There is some likelihood that Michigan courts would reach the merits of Banks' ineffective assistance claim. The district court acknowledged that if Banks could show that his attorney indeed failed to communicate plea offers to him and that Banks would have accepted these offers, then Banks could prove ineffective assistance of counsel. The district court held, however, that Banks would not be entitled to pursue this claim under 6.502(G), because his claim was not based on "new evidence": had Banks been diligent, he could have discovered before 1999, when he filed his postconviction motion as of right, that his attorney improperly failed to communicate plea offers to him. JA

484. Noting Banks' own prior criminal convictions, as well as the fact that Banks' wife had accepted a plea bargain in charges relating to the same murder, the district court concluded that Banks should have inferred earlier that his attorney was withholding offers from him. *Id.* On appeal, Banks contends that this case is too close to conclude that Michigan would bar his second or subsequent application for relief from judgment, for two reasons: (1) the case presents a novel question of how Michigan would interpret its own procedural bar; and (2) the facts Banks presented in his petition have at least made it debatable whether the circumstances underlying Banks' ineffective assistance claim are "new evidence," under Michigan Rule 6.502(G)(2). While the first rationale appears to lack merit,[4] the second ground furnishes adequate reason to find no procedural default here.

The factual questions raised in Banks' habeas petition support his argument that Michigan law might allow him a forum for asserting his ineffective assistance claim.

---

**4.** Banks contends that, in assuming that Banks would be barred from Michigan postconviction relief if he could have discovered the forfeited plea offers earlier, the district court improperly read into Rule 6.502(G) a diligence, or constructive discovery, requirement. This argument is unpersuasive, because it appears that there is such a requirement. Under Michigan Court Rule 6.508(D)(3), the court may not grant relief in a postconviction application if the ground for relief "could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter." An applicant is excused from this requirement if he can demonstrate cause and prejudice. *Id.* An applicant challenging a conviction following a trial may demonstrate prejudice by showing that he "would have had a reasonably likely chance of acquittal" but for the error. *Id.* 6.508(D)(3)(b)(i); *see also Souter v. Jones,* 395 F.3d 577, 583 (6th Cir.2005) (noting that the Michigan trial court, affirmed on appeal, denied a petitioner's Michigan Rule 6.502 motion because the purportedly new evidence "could have been presented at trial and did not demonstrate a reasonably likely chance of acquittal"). Alternatively, the applicant may prove that "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand...." Mich. Ct. R. 6.508(D)(3)(b)(iii). If the Michigan Court of Appeals were to determine that Banks could have pressed this ineffective assistance claim earlier, then it likely could not grant relief, because the error, while it probably caused Banks to serve a harsher sentence, did not affect the validity of his conviction. A constructive discovery requirement therefore would apply to Banks' application unless he proved that his conviction was "offensive to the maintenance of a sound judicial process." Therefore, the district court reasonably assumed that Michigan Rule of Court 6.502(G), when read in conjunction with other rules, imposes a constructive discovery requirement on second or successive motions for relief from judgment.

In order to assess whether Michigan Rule of Court 6.502(G)(2) would allow Banks to pursue a new state postconviction application, this court would first determine whether Banks discovered only *after* the filing of his first Michigan petition for relief from judgment, in 1999, that his attorney had failed to communicate plea offers to him. Then, it would be required to determine whether Banks *could have* discovered his attorney's failings earlier. *See* Mich. Ct. R. 6.508(D)(3). Banks' affidavit, attached as an exhibit to his habeas petition, states that he learned these facts "just recently." JA 230. His brief on appeal states, more precisely, that Banks learned about the forfeited plea offers only in October 2001, after Nancy Banks contacted Shawn Perry to discuss Homer Banks' possibility of obtaining early release for medical reasons. The State, in reply, asserts that there is "not a scintilla of evidence in the record that [Banks] was ever offered a plea bargain," and that, therefore, this court should affirm the district court's procedural default finding. Appellee's Br. at 21.

Because a procedural bar is not clearly applicable, the State's argument fails. This is not a situation in which the petitioner *concedes* that he was aware of the facts supporting his claim before the conclusion of state review, thus clearly barring a second or successive state postconviction application. *See Gray*, 518 U.S. at 162, 116 S.Ct. 2074; *Slutzker*, 393 F.3d at 380. Nor is it a case where, despite the petitioner's assertion that state law would allow a second or successive petition because of newly discovered facts, the record on habeas review clearly shows that the petitioner was aware of the factual predicate for his claim all along. *See Morse v. Trippet*, 37 Fed.Appx. 96, 103–04 (6th Cir. 2002). Instead, in Banks' case, the basis for applying the procedural bar is less clear. *See Toulson v. Beyer*, 987 F.2d 984

(3d Cir.1993) (holding that it would be inappropriate to predict whether state law would foreclose state postconviction review of the petitioner's habeas claim, where the state permitted second or successive state petitions when the procedural bar would "result in fundamental injustice"). The exhibits to Banks' petition are sufficient to make it difficult to decide, as *Gray* requires, that state law clearly would bar Banks' motion for relief from judgment. *Cf. Granberry v. Greer*, 481 U.S. 129, 134–135, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987) ("If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis."); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir.1991) (holding that a petitioner should be permitted to seek habeas review in state court, even if there were doubt that the state's substantive law would permit a habeas petition).

Where, as here, the unexhausted claims in a mixed petition are not procedurally defaulted, the preferable course of action is for this court to remand the case to the district court, with instructions to determine whether there is "good cause" to stay the habeas petition pending exhaustion of state remedies, and whether the petitioner's unexhausted claims are "plainly meritless." *Rhines v. Weber*, — U.S. —, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), prohibited courts from adjudicating mixed petitions, and directed federal courts to dismiss the petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. *Rhines*, 125 S.Ct. at 1533 (citing *Lundy*, 455 U.S. at 522, 102

S.Ct. 1198).[5] Since the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2254 to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. The AEDPA filing period is not tolled during the pendency of a *federal* habeas petition, as opposed to a properly filed state petition for postconviction review. *Duncan v. Walker,* 533 U.S. 167, 181–182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Here, because no time remained in the limitations period when Banks filed his original petition, dismissal without prejudice would not benefit Banks.

■ A recent Supreme Court case has clarified how district courts should treat unexhausted habeas claims. Under its guidance, we remand this matter to the district court. After *Duncan,* this court and sister circuits concluded that the statute-of-limitations concerns resulting from the enactment of AEDPA required a modification of *Lundy*'s rule: district courts confronted with a mixed petition containing potentially meritorious, unexhausted claims, should stay the petition and hold it in abeyance pending prompt exhaustion of state remedies, rather than dismissing the petition without prejudice. *See Griffin v. Rogers,* 308 F.3d 647, 652 & n. 1 (6th

Cir.2002) (holding that a district court faced with a mixed petition should "stay [the] unexhausted claims pending exhaustion rather than dismiss them without prejudice for the same purpose.... [I]t is preferable to stay proceedings pending exhaustion"); *Duncan,* 533 U.S. at 182–183, 121 S.Ct. 2120 (Stevens, J., concurring) ("[I]n our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1–year limitations period."); *cf. Palmer v. Carlton,* 276 F.3d 777, 781 (citing *Zarvela v. Artuz,* 254 F.3d 374 (2d Cir.2001)) (holding that a district court faced with a mixed petition should "dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court").[6] The Supreme Court has recently held, however, that this "stay-and-abeyance" procedure "should be avail-

5. Under amendments added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, courts may reject the habeas petition on the merits where one claim is unexhausted and also lacks merit. *See* 28 U.S.C. § 2254(b)(2); *Palmer,* 276 F.3d at 780. We cannot say on the record before us that Banks' unexhausted ineffective assistance claim lacks merit.

6. *Palmer,* following *Zarvela,* appeared to endorse a narrower approach than the one advanced in Justice Stevens' *Duncan* concurrence and in *Griffin.* Retaining jurisdiction over only exhausted claims arguably would not protect the unexhausted claims in a mixed petition from being time-barred after the peti-

tioner pursued state remedies, absent equitable tolling. *See Zarvela,* 254 F.3d at 381 ("[A] stay of the exhausted claims will often be preferable to a dismissal of the entire petition because such a stay will reflect the continued viability of *the initially filed exhausted claims.*") (emphasis added). The approach recommended in *Griffin,* on the other hand— staying and retaining jurisdiction over the entire habeas petition—shields the unexhausted claims in a mixed petition from the AEDPA statute of limitations. *Rhines* appears to indicate that if stated threshold conditions are met, the district court should stay the entire mixed habeas petition pending exhaustion. 125 S.Ct. at 1535.

able only in limited circumstances," because district courts normally do not have the power to issue stays, and because over-expansive use of the procedure would thwart the finality interest that AEDPA promotes. *Rhines,* 125 S.Ct. at 1534–535. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is good cause for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are "potentially meritorious," and if "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 1535. Under *Rhines,* if the district court determines that a stay is inappropriate, the district court must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.* This is the case here, since the limitations period on Banks' habeas claim is expired. We remand the proceedings to the district court to make a determination under *Rhines.*[7]

For the foregoing reasons, we RE-VERSE the district court's denial of Banks' habeas corpus petition, and RE-MAND to the district court with instructions to determine whether the stay-and-abeyance procedure is warranted.

---

7. Banks failed to request stay and abeyance before the district court or in his brief on appeal; he requested this remedy only at oral argument. A sister circuit has remanded a case to the district court to exercise its discretion under *Rhines,* despite the petitioner's failure to request stay and abeyance in the initial hearing on his habeas petition. *See Akins v. Kenney,* 410 F.3d 451, 455 (8th Cir.2005); *cf. Zarvela,* 254 F.3d at 383 (noting in the equitable tolling context, where the petitioner requested dismissal without prejudice rather than stay and abeyance, "we do not think this *pro se* litigant should lose his opportunity to present his constitutional challenge to his conviction because he requested the wrong form of procedural relief"). We conclude that Banks has not forfeited his argument that he is entitled to a stay.