Keith Eric THOMPSON,
Plaintiff–Appellant,

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,**
Defendants–Appellees.

No. 01–1943.

United States Court of Appeals, Sixth Circuit.

Jan. 2, 2002.

Before SILER and BATCHELDER,

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Circuit Judges; HOOD, District Judge.*

### ORDER

Keith Eric Thompson, a Michigan state prisoner, appeals pro se a district court judgment dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thompson filed this complaint of over 500 paragraphs against the Michigan Department of Corrections, thirty-nine of its employees, and a United States Magistrate Judge. The complaint covered a several-year span and alleged that the defendants had denied him proper medical treatment, wrongfully convicted him of prison misconducts, retaliated against him for filing grievances and lawsuits, interfered with his filing of grievances and lawsuits, and labeled him a "snitch," thus endangering him of assault by other inmates. The magistrate judge was included as a defendant because Thompson was unhappy with his report and recommendation in an earlier lawsuit.

The district court set out the allegations of the complaint in a thorough fifty-page opinion, and determined that dismissal for failure to state a claim was proper under 28 U.S.C. §§ 1915(e) and 1915A, as well as 42 U.S.C. § 1997e(c). On appeal, Thompson reasserts his claims and argues that the district court should have transferred the case to a different venue because he had named one of the magistrate judges as a defendant, and that he was wrongfully denied discovery and injunctive relief.

Upon review, we affirm the district court's judgment for the reasons stated in its lengthy opinion. The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); the prison misconduct hearing officers, who are entitled to absolute immunity, *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir.1988); the magistrate judge, who is also entitled to absolute judicial immunity, *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir.1997); and the defendants who were named in the complaint but against whom no allegations of constitutional rights violations were set forth.

The district court also properly found that the claims set forth in the complaint would not entitle Thompson to relief. Thompson's disagreement with the medical treatment he was receiving for his chronic problems of badly healed fractures, hepatitis, skin rashes, vision problems and dental problems was insufficient to state a claim under the Eighth Amendment. *Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995). His claim of wrongful conviction of prison misconducts failed to state a claim both because no liberty interest was affected, *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and because such claims were not cognizable where the misconduct convictions had not been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Thompson's allegations of retaliation for exercising his First Amendment rights were insufficient to state a

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

claim because he set forth no facts which would support his contention that the defendants were motivated by retaliation. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). The claims that defendants had interfered with his filing of grievances alleged only a violation of state law which did not state a claim under § 1983. *Smith v. Freland,* 954 F.2d 343, 347–48 (6th Cir.1992). Thompson's claims of denial of access to the courts failed because he demonstrated no prejudice to any litigation. *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). And finally, Thompson's claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm.

Thompson's arguments on appeal are equally unavailing. He claims bias because he named a magistrate judge as one of the many defendants in his complaint. The named magistrate judge only participated in handling this case to the extent of granting Thompson's motion for pauper status and denying his motion for the appointment of counsel; neither action has been shown to have been influenced by bias. Thompson also argues that his motion to compel discovery was improperly denied. The motion was denied because the defendants were never served with the complaint, which was dismissed on initial screening by the district court. Because the complaint failed to state a claim on its face, no discovery was necessary. Finally, Thompson argues that his motion for injunctive relief was improperly denied. Because the entire action was dismissed for failure to state a claim, the motion for injunctive relief was properly denied as moot.

For all of the above reasons, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.