**Alvin COKER, Plaintiff–Appellant,**

v.

**SUMMIT COUNTY SHERIFF'S DEPARTMENT et al.,
Defendants–Appellees.**

No. 02–3271.

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

James Alexander, Jr., Pittman, Alexander & Associates, Cleveland Heights, OH, for Plaintiff-Appellant.

Susan Baker Ross, Allyson Miller Leonard, Akron, OH, Lynne H. Buck, Asst.

U.S. Attorney, Cleveland, OH, for Defendants-Appellees.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

KEITH, Circuit Judge.

Plaintiff–Appellant Alvin Coker ("Coker"), an African–American male, brought suit for unlawful arrest and prosecution against the Summit County Sheriff's Department, Summit County Sheriff Richard Warren, Detective Carmen Jones (collectively, "County Defendants"), the United States of America, Special Agent David Hayes (collectively, "Federal Defendants"), and Ronald Ray. The district court granted the Federal Defendants' motion to dismiss, the County Defendants' motion for judgment on the pleadings, and the County Defendants' motion for summary judgment, thereby dismissing the amended complaint in its entirety. Coker now appeals. For the reasons set forth below, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

Under a grant program entitled "Project Safe Home," the Summit County Sheriff's Department ("Sheriff's Department") received funding from the Attorney General and the Department of Housing and Urban Development to conduct investigations for weapon and drug offenses in Section 8 Housing areas. The Sheriff's Department used these funds to pay informants and make weapon and drug buys. Tenants who are convicted of a weapon or drug offense are prohibited from living in Section 8 Housing.

Pursuant to this grant program, the Sheriff's Department investigated the Summit Lake area in Akron, Ohio for narcotic and weapon dealers. On May 22, 1997, Ronald Ray ("Ray"), a police informant, arranged a meeting between Nathaniel Coker ("Nate"), who is Coker's brother, and undercover federal and state agents. At this meeting, Summit County Detective Carmen Jones ("Detective Jones") made an illegal purchase of drugs and weapons from Nate. In Detective Jones's affidavit, she testified that Ray named Coker as the individual who sold her the weapon.

On October 28, 1997, Summit County Detective Stacy Clark ("Detective Clark") signed an affidavit asserting that, on May 22, 1997, Coker had been in possession of a firearm while under disability. On November 3, 1997, a Summit County grand jury returned a one-count indictment against Coker for having a weapon while under disability. On this same day, Coker turned himself in to the Akron Police Department. Summit County later dismissed the charge.

Soon thereafter, a federal grand jury returned a one-count indictment against Coker for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 17, 1998, in Youngstown, Ohio, Coker was tried along with his brother Nate. Special Agent David Hayes ("Special Agent Hayes") from the Bureau of Alcohol, Tobacco and Firearms, Detective Jones, and Ray, who were all present at the May 22, 1997 drug and weapon buy, testified against Coker.

On March 18, 1998, Coker was acquitted. According to Coker, Special Agent Hayes, Detective Jones, and Ray falsely testified that Coker was present for and participated in the sale of an illegal substance and firearm. Coker claims that the grand jury indictments were based on the testimony of Ray, who is an unreliable informant with a lengthy criminal history. Moreover, Coker states that Defendants failed to find out the true identity of the person involved in the illegal activity. As a result, he argues that state and federal authorities lacked probable cause to prosecute him and, therefore, he was wrongfully and

maliciously charged, prosecuted, and jailed for sixteen days. Coker further claims that there was a conspiracy to subject African–American suspects to prosecution under Project Safe Home and to prosecute African–American suspects under federal rather than state statutes in order to impose higher penalties.

On February 3, 1999, Coker filed suit ("Coker I") against his former employer, Consolidated Freightways, the Teamsters Local 24, the Sheriff's Department, Detective Jones, Special Agent Hayes, Ray, and Assistant United States Attorney Christa Brunst ("AUSA Brunst"), who was the federal prosecutor in Coker's criminal trial. This lawsuit purported to state claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, the Fourteenth Amendment of the United States Constitution, the Civil Rights Acts of 1866 and 1991, and § 301 of the Labor Management Relations Act. This lawsuit also alleged claims for malicious prosecution and false imprisonment under Ohio law.

On March 30, 2000, the district court dismissed with prejudice Coker's Title VII, § 301, §§ 1981 and 1983, Fourteenth Amendment, and malicious prosecution claims. The district court dismissed Coker's tort claims against the federal defendants for failure to exhaust administrative remedies. The district court also dismissed Coker's constitutional claims against AUSA Brunst based on prosecutorial immunity. Last, the district court dismissed the remaining claims without prejudice.

On November 13, 2000, Coker field the instant suit ("Coker II") against the Sheriff's Department, Summit County Sheriff Richard Warren ("Sheriff Warren"), Detective Jones, the United States of America, Special Agent Hayes,[1] and Ray. This lawsuit asserts claims pursuant to the Fourth, Fifth, and Fourteenth Amendments, Civil Rights Acts of 1866 and 1867, Civil Rights Act of 1991, and 42 U.S.C. §§ 1981, 1983, and 1985. Coker also alleges claims of malicious prosecution and false imprisonment under Ohio law pursuant to the Federal Tort Claims Act ("FTCA").

On January 12, 2001, the Federal Defendants filed a motion to dismiss. On February 28, 2001, Coker filed a motion for leave to file an amended complaint. On August 16, 2001, the County Defendants filed a motion for judgment on the pleadings and a motion for summary judgment. On September 30, 2001, the district court granted Coker's motion for leave to file an amended complaint and directed that all pending motions shall be viewed as directed to that pleading.

On December 28, 2001, the district court granted the Federal Defendants' motion to dismiss, the County Defendants' motion for judgment on the pleadings, and the County Defendants' motion for summary judgment, thereby dismissing Coker's amended complaint in its entirety. In

---

1. In Coker I, the district court dismissed all charges against the Federal Defendants pursuant to the FTCA for failure to exhaust administrative remedies. In the amended complaint in Coker II, Coker states that he filed a claim and gave notice of his claim to the Bureau of Alcohol, Tobacco and Firearms and the U.S. Justice Department. J.A. at 65. A plaintiff has exhausted his administrative remedies if the appropriate agency has denied, in writing, a properly filed administrative claim. 28 U.S.C. § 2675(a); *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). Denial of an administrative claim, however, is statutorily presumed if six months pass without action on a properly filed administrative claim. 28 U.S.C. § 2675(a). Coker states that six months elapsed without action and, therefore, he brought suit after exhausting his administrative remedies. Defendants do not dispute these allegations.

granting the Federal Defendants' motion to dismiss, the district court held that Coker's claims pursuant to the FTCA are dismissed because: (1) Coker conceded that his tort claims against United States Attorney Sweeney and AUSA Brunst fall within the exception for a waiver of sovereign immunity; (2) Coker made only a conclusory allegation of tortious conduct regarding Special Agent Hayes without supporting facts; (3) alternatively, Coker failed to assert a claim of malicious prosecution as he failed to demonstrate an absence of probable cause; and (4) alternatively, Coker failed to assert a claim of false imprisonment as he only made a conclusory allegation. Furthermore, the district court held that Coker's constitutional claims pursuant to the Fourth, Fifth, and Fourteenth Amendments, and 42 U.S.C. §§ 1981 and 1983 are dismissed because: (1) res judicata bars Coker's claims pursuant to the Fourteenth Amendment and §§ 1981 and 1983 as Coker previously litigated these claims in Coker I; (2) Special Agent Hayes is entitled to absolute witness immunity for any alleged false testimony; and (3) even absent witness immunity, Coker failed to state a claim because there were no supporting factual allegations for his constitutional claims.

In granting the County Defendants' motion for judgment on the pleadings, the district court held that the Sheriff's Department is not a legal entity capable of being sued and, therefore, all claims against the Sheriff's Department are dismissed. In granting the County Defendants' motion for summary judgment, the district court held that claims against Sheriff Warren and Detective Jones in their official capacity are dismissed based on political subdivision immunity. As to the claims against Sheriff Warren and Detective Jones in their individual capacity, the district court held that Coker failed to show that they were not entitled to qualified immunity and, therefore, all constitu-

tional claims are dismissed. The district court also held that the County Defendants are entitled to summary judgment on Coker's malicious prosecution claim because Coker failed to rebut the presumption of probable cause and failed to show the proceedings were instituted out of malice. The district court granted summary judgment on Coker's selective prosecution claim holding that Coker failed to show how similarly-situated individuals were treated more favorably and that Defendants had an unconstitutional motive for prosecuting Coker. The district court granted summary judgment on Coker's false imprisonment claim holding that it was barred by the one-year statute of limitations. Last, the district court held that Coker has not set forth any cognizable claims against Ray. On February 26, 2002, Coker filed a timely appeal to this court.

## II. DISCUSSION

### A. Federal Defendants' Motion to Dismiss

Coker argues that the district court erred in granting the Federal Defendants' motion to dismiss. We review *de novo* a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). FED. R. CIV. P. 12(b)(6); *Goad v. Mitchell*, 297 F.3d 497, 500 (6th Cir.2002). In reviewing a 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Id.*

### 1. Malicious Prosecution

Coker first argues that the district court erred in dismissing his claim of malicious prosecution against the Federal Defendants. The district court held that Coker failed to allege malice and a lack of proba-

ble cause, as required for a malicious prosecution claim. Coker, on the other hand, alleges that the district court incorrectly based its decision on the original complaint, as opposed to the amended complaint. Coker claims that he sufficiently states a claim for malicious prosecution and alleges malice and a lack of probable cause in the amended complaint.

To prevail on a malicious prosecution claim under Ohio law, a plaintiff must show: (1) malice in instituting and continuing the prosecution; (2) termination of the proceedings in favor of the accused; and (3) lack of probable cause. *Trussell v. General Motors Corp.*, 53 Ohio St.3d 142, 559 N.E.2d 732, 735 (1990).

■ Coker has failed to allege the first element. That is, Coker has failed to allege malice in instituting and continuing the prosecution. In Coker's amended complaint, he states "Defendants filed or caused to be filed such affidavit/charges out of malice, hatred and ill will toward Plaintiff, and because of his race, black." J.A. at 63. This allegation is conclusory and Coker has failed to set forth any facts in support of a showing of malice. For this reason, Coker's malicious prosecution claim fails.[2]

## 2. False Imprisonment

Coker next argues that the district court erred in dismissing his false imprisonment claim against the Federal Defendants. The district court held that Coker failed to allege that Special Agent Hayes caused

Coker to be unlawfully detained. Coker, on the other hand, argues that Special Agent Hayes acted in concert with others to cause Coker to be arrested and detained.

To prevail on a false imprisonment claim under Ohio law, a plaintiff must allege that "a person confine[d] another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 573 N.E.2d 633, 636 (1991) (citations omitted). As the district court correctly held, Coker has failed to allege any facts to show that Special Agent Hayes, himself, caused Coker to be unlawfully detained. Accordingly, Coker's false imprisonment claim fails.

## 3. Fourth Amendment and Fifth Amendment Claims

Coker argues that the district court erred in dismissing his Fourth and Fifth Amendment claims against Special Agent Hayes. In his amended complaint, Coker claims that "Defendants engaged in a scheme of singling out black males to penetrate [sic] a so-called crime prevention directed at multi-convicted and/or multi-convicted defendants." J.A. at 64. Coker also claims "Defendants invoked such multi-convicted statutes to induce the federal defendants to cooperate and pursue federal, rather than state charges against plaintiff, although plaintiff was neither a multi-state nor a multi-convicted."[3] *Id.* Coker

---

**2.** It is unclear whether the district court looked exclusively to the amended complaint, or incorporated elements of the original complaint, in order to construe Coker's claims for purposes of the Federal Defendants' motion to dismiss. Nonetheless, either complaint, standing alone, or read in conjunction, fails to assert specific factual allegations against Special Agent Hayes sufficient to survive a motion to dismiss.

**3.** In support of his allegations, Coker provides a chart, which he created, noting the names of six Caucasians who were charged under state statutes, but not referred for prosecution under federal statutes. Coker presents this chart for the first time on appeal. As we have stated, "[a] party may not by-pass the fact-finding process of the lower court and introduce new facts in its brief on appeal." *Sovereign News Co. v. United States*, 690 F.2d 569,

states that Special Agent Hayes "was the state defendants entry to the federal prosecution process." *Id.*

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has held that an action can be brought against a federal official, in his individual capacity, for properly pled violations of certain constitutional rights. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 392, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *see Butz v. Economou,* 438 U.S. 478, 507–08, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) ("Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss.").

In this case, Coker has failed to properly plead violations of his Fourth and Fifth Amendment rights. Coker has made "bare bones," conclusory assertions that do not suffice to state a cognizable constitutional claim. Furthermore, Coker has failed to allege how Special Agent Hayes violated his Fourth and Fifth Amendment rights. Accordingly, Coker's Fourth and Fifth Amendment claims against Special Agent Hayes are dismissed.

## B. County Defendants' Motion for Summary Judgment

Coker argues that the district court erred in granting the County Defendants' motion for summary judgment. We review a district court's grant of summary

judgment *de novo. Bowman v. Shawnee State Univ.,* 220 F.3d 456, 461 (6th Cir. 2000). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "By its very term, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether an issue of fact is genuine and material, the court must believe the non-moving party's evidence and draw all justifiable inferences in the non-moving party's favor. *Id.* at 255, 106 S.Ct. 2505.

### 1. Qualified Immunity

### a. Detective Jones

Coker argues that the district court erred in holding that Detective Jones was entitled to qualified immunity. Coker claims that Detective Jones violated his Fourth Amendment right to be free from unlawful searches and seizures because he arrested and prosecuted him without probable cause. Coker asserts that Detective Jones lacked probable cause because he relied on Ray, who is allegedly an unreliable informant with a criminal history, and failed to find out the true identity of the person involved in the illegal transaction.

The doctrine of qualified immunity is an affirmative defense that generally shields government officials "from liability for civil damages insofar as their conduct does not

---

571 (6th Cir.1982) (citation omitted). Therefore, we will not consider this evidence.

Coker also points to a October 16, 1997 memorandum from Special Agent Hayes to his supervisors, which Coker alleges outlines the procedures of using the state criminal prosecution process only as a means of obtaining detainees prior to federal indictment.

Coker claims that Special Agent Hayes referenced the arrest of forty individuals, whom Coker alleges are all African–American. Coker, however, does not specify what part of Special Agent Hayes' memorandum he relies on for his allegations. Neither this memorandum nor any of the alleged facts are mentioned in the amended complaint.

violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (citations omitted). The purpose of the qualified immunity defense is to protect public officials " 'from undue interference with their duties and from potentially disabling threats of liability.' " *Blake v. Wright,* 179 F.3d 1003, 1007 (6th Cir.1999) (quoting *Harlow,* 457 U.S. at 806, 102 S.Ct. 2727). The plaintiff bears the burden of defeating this immunity, which is a legal issue to be decided by the court. *Id.* First, the plaintiff must show that the government officials violated a constitutional right. Second, the plaintiff must prove that the right is so clearly established that a reasonable officer would understand that his actions would violate that right. *Harlow,* 457 U.S. at 818–19, 102 S.Ct. 2727. In determining whether a constitutional right is "clearly established," we " 'look first to decisions of the Supreme Court, then to decisions of this Court and other courts within our circuit, and finally to the decisions of other circuits.' " *Walton v. City of Southfield,* 995 F.2d 1331, 1336 (6th Cir.1993) (citation omitted).

 Contrary to Coker's allegations, Detective Jones did not violate a clearly established constitutional right. An arrest and prosecution based on probable cause does not violate the Fourth Amendment's prohibition against unreasonable searches and seizures. *Michigan v. DeFillippo,* 443 U.S. 31, 36, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) (citations omitted). A police officer has probable cause if there is a "fair probability" that the individual to be arrested has either committed or intends to commit a crime. *Northrop v. Trippett,* 265 F.3d 372, 379 (6th Cir.2001) (citing *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)). In addition, probable cause is presumed when there has been a grand jury indictment. *Fried-*

*man v. United States,* 927 F.2d 259, 262 (6th Cir.1991). In this case, there were two grand jury indictments—the Summit County grand jury indictment and the federal grand jury indictment. Although Coker argues that the indictments were based on the unreliable testimony of Ray, Coker has failed to show why Detective Jones should have doubted Ray at the time of the identification. Coker's allegation that Detective Jones lacked probable cause to arrest and prosecute him, without proper support, does not overcome the presumption of probable cause. Therefore, Detective Jones did not violate a clearly established constitutional right and is entitled to qualified immunity.

### b. Sheriff Warren and 42 U.S.C. § 1985 Conspiracy Claim

Coker also argues that the district court erred in holding that Sheriff Warren was entitled to qualified immunity. Coker claims that Sheriff Warren and the other Defendants "implemented a law enforcement program, in concert with the ATF, wherein blacks are targeted for prosecution under federal rather than state courts so as to subject such victims to the higher penalties of such federal prosecution." Appellant's Br. at 28. Thus, Coker claims that Sheriff Warren and the other Defendants conspired to deprive him of equal protection of the law.

To state a claim for conspiracy to deprive a person of equal protection under the law pursuant to 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003) (citing *United Bhd. of Carpenters & Join-*

*ers of Am. v. Scott*, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir.1992)).

A plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). A plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

██ Coker has failed to properly allege a conspiracy claim pursuant to § 1985. Coker makes only conclusory allegations that the Defendants acted in concert and has failed to present evidence showing an agreement between two or more persons existed to refer only African–American suspects for federal prosecution. The only evidence Coker has presented is Sheriff Warren's memorandum that allegedly lists forty African–American individuals prosecuted in federal court rather than state court. This evidence, however, does not establish a conspiracy among two or more persons to prosecute individuals in federal court rather than state court. In addition, Coker has failed to establish how federal prosecution, as opposed to state prosecution, violates the law. *See United States v. Davis*, 15 F.3d 526, 529 (6th Cir.1994) ("The fact that a greater sentence will result from a federal conviction than from a state conviction alone does not provide a basis to challenge the indictment.").

Furthermore, Coker has failed to make sufficient factual allegations to establish any sort of "meeting of the minds." Coker has completely failed to link any of the alleged conspirators in a conspiracy to deprive him of his constitutional rights. Therefore, Coker has failed to allege a claim for conspiracy pursuant to § 1985. Because Coker is unable to establish a violation of a clearly establish right, Sheriff Warren is also entitled to the defense of qualified immunity.

## 2. Selective Prosecution

Coker claims that the district court erred in dismissing his selective prosecution claim. Coker argues that the County Defendants targeted African–American males for prosecution under more stringent federal statutes. The district court held that Coker failed to show that others in a similar situation, but not members of the protected group, were not prosecuted. Therefore, he could not set forth a claim for selective prosecution based on race. We agree.

We stated in *Futernick v. Sumpter Township*, 78 F.3d 1051 (6th Cir.1996) that:

> There is no right under the Constitution to have the law go unenforced against you, even if you are the first person against whom it is enforced, and even if you think (or can prove) that you are not as culpable as some others who have gone unpunished. The law does not need to be enforced everywhere to be legitimately enforced somewhere; and prosecutors have broad discretion in deciding whom to prosecute.

*Futernick*, 78 F.3d at 1056 (citing *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)). It is well-settled, however, that "the decision whether to prosecute [an individual] may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.' " *United States v. Armstrong*, 517

790

U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (citing *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)).

In order to prevail on a selective prosecution claim, a criminal defendant must overcome a strong presumption that state actors properly discharged their official duties. *Id.* at 463–65, 116 S.Ct. 1480. To overcome this presumption, a criminal defendant must introduce "clear evidence" to the contrary. *Id.* at 465, 116 S.Ct. 1480. A criminal defendant must show: (1) membership in a protected group; (2) prosecution; (3) that others in a similar situation, but not members of the protected group, were not prosecuted; and (4) that the prosecution was initiated with discriminatory intent. *Futernick,* 78 F.3d at 1056 n. 7 (citing *United States v. Anderson,* 923 F.2d 450, 453 (1991)).

 In this case, Coker offered no credible evidence to show that he was treated differently than other similarly-situated non-protected individuals. Without identifying what evidence he relies on, Coker makes a bald assertion that the County Defendants referred only African–American suspects for prosecution under the more stringent federal statutes. As this court has emphasized, "it is an absolute requirement that the plaintiff make at least a prima facie showing that similarly situated persons outside [his] category were not prosecuted." *Stemler v. City of Florence,* 126 F.3d 856, 873 (6th Cir.1997) (citing *Armstrong,* 517 U.S. at 465, 116 S.Ct. 1480). Accordingly, Coker's selective prosecution claim fails.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.