NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0775n.06

**No. 08-1599**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 09, 2009**

LEONARD GREEN, Clerk

| | |
|---|---|
| FRANK NALI, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| J. EKMAN, et al., | ) WESTERN DISTRICT OF MICHIGAN |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

Before:  KEITH, SUTTON and WHITE, Circuit Judges.

**WHITE, Circuit Judge.**  Plaintiff Frank Nali challenges the district court's dismissal of his civil rights action for failure to state a claim on which relief can be granted.  We conclude that Nali stated a claim under the First Amendment, but that the district court properly dismissed his remaining federal claims.  We therefore affirm in part, vacate in part and remand for further proceedings.

**I**

Nali was convicted of extortion in 1992 and was incarcerated at the Ojibway Correctional Facility in Michigan when he filed the instant suit.  *People v. Nali*, No. 247843, 260267, 2005 WL 3556110, at *1 (Mich. Ct. App. Dec. 29, 2005).  After prison officials cited him for a major misconduct infraction, Nali sued them and other corrections officials, alleging that they had violated

his federal and state civil rights. The magistrate judge recommended that the court dismiss Nali's federal claims for lack of merit and decline to exercise pendent jurisdiction over his state law claims. The district court adopted the magistrate judge's report and recommendation, over Nali's objections.

## A

Nali's seventeen claims can be broadly grouped into three types of federal claims—due process, speech-retaliation and equal protection—and various state-law claims. We affirm the dismissal of the due process and equal protection claims, but reverse as to the speech-retaliation claim.

We do not agree with our dissenting colleague that Nali waived his First Amendment claim.[1] Neither the magistrate nor the district court addressed Nali's First Amendment claim, which alleged that defendant Buda advised defendant Flahaug to write a misconduct ticket in retaliation for Nali's filing of a grievance against Buda. The magistrate's report and recommendation concluded in relevant part that Nali's claims "regarding the allegedly false misconduct convictions remain

---

[1]As mentioned, in the instant case the magistrate judge wrote a report and recommendation to which Nali objected. The district court then adopted the report and recommendation. In such a situation, though it is not ideal, we do not think it is unreasonable for a pro se appellant to cite his objections to the report and recommendation, note the district court's adoption of the report over his objections, refer the appellate court to the relevant submissions, and attach those submissions as appendices to the appeal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*], 429 U.S. [97], at 106, 97 S. Ct. 285 [1976], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' *ibid*."); *cf. Banks v. Jackson*, 149 F. App'x 414, 422 n.7 (6th Cir. 2005) (unpublished disposition) (holding a *pro se* habeas petitioner did not forfeit his argument for a stay despite failing to request the stay at the district court or in his brief on appeal).

noncognizable under § 1983" due to the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In response, Nali objected to the magistrate's application of *Heck*. The district court rejected Nali's objections. Under the circumstances that it appeared that the report and recommendation recommended dismissal of the First Amendment claim under the *Heck* doctrine – since the claim was not otherwise addressed – Nali did not forfeit his argument that the First Amendment claim was dismissed in error by failing to specifically address it. Further, "[w]hen a district court fails to rule on a claim, we usually remand for consideration below." *United States v. Kennedy*, 220 F. App'x 407, 409 (6th Cir. 2007) (unpublished disposition); *cf. Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 552 (6th Cir. 2004) ("The district court's failure to rule on the motion requires that we remand for consideration anew.").

**B**

Nali's allegations appear to state a First Amendment retaliation claim. As this court explained in *Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001):

> A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817 [] (1974). Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). To establish a First Amendment retaliation claim, the plaintiff must prove that: 1) the plaintiff engaged in activities protected by the Constitution or statute; 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct.

This court has held that a *pro se* plaintiff's complaint should only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In this light, Nali's allegation that defendants Buda and Flahaug initiated the March 21, 2007 misconduct citation in retaliation for Nali's non-frivolous grievance against Buda may entitle him to relief on remand. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (recognizing an inmate's undisputed First Amendment right to file grievances against prison officials on his own behalf); *see also Thadeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996).

Under the *Heck* doctrine, when success in a prisoner's § 1983 action would necessarily implicate the lawfulness of the prisoner's conviction or duration of sentence, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that if success on a § 1983 claim "does not mean immediate release from confinement or a shorter stay in prison," but instead "means at most new eligibility review, which at most will speed *consideration* of a new parole application," the habeas exception to § 1983 does not apply. Two years later, this court concluded that under Michigan's disciplinary credit program, a prisoner's success on a "§ 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain

discretion regarding whether to grant him parole." *Eby*, 481 F. 3d at 439-40 (citing Mich. Comp. Laws § 800.33(3), (5), and the Michigan Court of Appeals' interpretation of the disciplinary credit program). As a result, the court held that the habeas exception did not apply to the prisoner's § 1983 claim. *Id.* at 440.

During the pendency of the instant appeal, Nali's conviction was vacated and his petition for writ of habeas corpus unconditionally granted. *See Nali v. Phillips*, 630 F. Supp. 2d 807 (E.D. Mich. 2009). On July 8, 2009, the district court in that case denied respondent's motion to stay and granted Nali's motion for immediate release. *Nali v. Phillips*, No. 07-CV-15487 (E.D. Mich. filed July 8, 2009), 2009 WL 1956946, at *3. We thus need not address the district court's conclusion that *Heck* applies to Nali's claims, except to note that the court failed to distinguish between Michigan's good time credit program, available to prisoners "serving a sentence for a crime committed before April 1, 1987" and Michigan's disciplinary credit program, available to prisoners "serving a sentence for a crime that was committed on or after April 1, 1987." *Compare* Mich. Comp. Laws § 800.33(2), *with* Mich. Comp. Laws § 800.33(3), (5). *See also* Mich. Comp. Laws. § 800.34.

## C

Regarding Nali's remaining claims, *Sandin v. Conner*, 515 U.S. 472 (1995), bars his federal due process claims. As *Sandin* makes clear, "finding[s] of misconduct," even findings that could lengthen a prison sentence, do not implicate a protected liberty interest so long as the parole board retains discretion to release a prisoner based on a "myriad of considerations" and so long as the

prisoner may "explain the circumstances behind his misconduct record" to the board. 515 U.S. at 487. In this instance, the major misconduct findings resulted in the accumulation of "disciplinary time" to Nali's sentence, a factor submitted to the parole board as one among many other considerations they may account for in deciding whether to grant early release. Mich. Adm. Code R. 791.5515(2), 791.7715. Because these findings represent just one among many factors that could affect the length of Nali's indeterminate sentence and because no one denies that Nali has the right to explain the circumstances of the misconduct charge, the findings do not inevitably affect the duration of Nali's sentence and do not effect an "atypical and significant hardship on [Nali] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483, 484; *see also Thompson v. Mich. Dept. of Corrs.*, 25 F. App'x 357, 358 (6th Cir. 2002) (unpublished disposition) (concluding that a misconduct citation in the Michigan correctional system did not affect the prisoner's constitutional liberty interests).

Nali's federal Equal Protection Clause claim—that defendants "conspir[ed]" to issue the two major misconduct infractions for racially discriminatory reasons, also fails. Although Nali is correct that the magistrate (and district court) misunderstood the statutory basis for his discrimination claims, believing that he had premised the claim on § 1983, as opposed to § 1985, Nali has not shown that they erred in concluding that the claims still fail as a matter of law.

In order to plead a cognizable § 1985 claim, Nali must allege specific facts that, taken together, plausibly suggest that (1) two or more individuals "conspire[d] . . . for the purpose of depriving [him] of the equal protection of the laws," (2) they acted to further that conspiracy and (3)

he was injured as a result. *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007); *see also Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). As the magistrate and district court recognized, Nali failed to plead sufficient facts to state a cognizable Equal Protection Clause claim. In connection with this requirement, he alleged that "[d]efendants' motives were racially based [and] supported by animosity towards plaintiff." But, as the Supreme Court recently held, a complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). Nali's claim can survive only if he pleaded facts supporting that conclusion. He has not done so. The fact that "defendants are caucasian" and that Nali "is non-caucasian" does not by itself show that defendants were motivated to discriminate against him on the basis of his race or ethnicity. Although Nali adds that "no one else was ticketed" for similar conduct (being in the chow hall at the wrong time), that fact does not show discrimination unless accompanied by some evidence that the people *not* disciplined were similarly situated and of a different race, *see Coker v. Summit County Sheriff's Dept.*, 90 F. App'x 782, 790 (6th Cir. 2003) (unpublished disposition) – facts he does not allege in his complaint. The district court properly dismissed this claim.

Nali asserted state law claims for negligence, defamation, and intentional infliction of emotional distress. The district court declined to exercise pendent jurisdiction over these claims on the ground that Nali failed to state a federal claim. Because Nali stated a claim under the First

08-1599
*Nali v. Ekman*

Amendment, the district court should revisit whether to exercise pendent jurisdiction over the state law claims. *See e.g., Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 675 (6th Cir. 2005).

We affirm the dismissal order in part, vacate in part and remand for further consideration of the First Amendment and state law claims.

SUTTON, Circuit Judge, dissenting. An appellant, whether represented by counsel or not, should not be able to obtain a reversal of a district court judgment without offering any reason in his brief why the lower court erred. Yet that is what Mr. Nali has managed to do here, and accordingly I respectfully dissent.

Nali's four-page brief does not develop a single argument or point to a single mistake that the district court made. If you doubt me, check it out for yourself. As the attached appendix shows, Nali's brief contains a one-sentence (all-encompassing) description of the issue presented: "Whether The Trial Court Should Have Dismissed Plaintiff's Claims Against The Defendants." It then contains a one-paragraph (half-page) "Law and Argument" section, which in sum and substance says this: "his submissions in the district court and this court sufficiently addressed the issue." *See* Appendix. It then incorporates by reference "all his exhibits in the appendices"—his district court filings and the district court's opinion—"as an integral part of this argument and his appeal." *Id.* Even the most *pro se* of *pro se* briefs must do more than that.

Rule 28 of the Federal Rules of Appellate Procedure says that the brief of an appellant—any appellant—"must" include his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A); *see Fitts v. Sicker*, 232 F. App'x 436, 441–42 (6th Cir. 2007) (applying Rule 28 to *pro se* appellant). No doubt, we expect less of *pro se* litigants than we do of counseled litigants—and appropriately so. But those modest expectations are not non-existent. "[P]ro se parties must still brief the issues advanced with some effort at developed argumentation." *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir.

2003) (quotation marks omitted). That is why the Sixth Circuit's form for *pro se* briefs asks appellants to specify "what facts," "what law" and "what specific issues" they want the court to review. *See Pro Se Brief*, http://www.ca6.uscourts.gov/internet/forms/briefs_appendices/ prose_brief.pdf. When, as here, a *pro se* appellant's brief "has not suggested any defects in the district court's" ruling, "much less advanced any sort of argument," we should dismiss the appeal—as we have before. *Geboy v. Brigano*, 489 F.3d 752, 766–67 (6th Cir. 2007); *see also Jenkins v. Widnall*, No. 99-3918, 2000 WL 553957, at *3 (6th Cir. Apr. 28, 2000) (declining to address district court order *pro se* litigant did not specify in her notice of appeal); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (dismissing *pro se* appellant's claim for failing to comply with Rule 28).

Even the most lenient reading of Rule 28 does not allow an appellant to satisfy its requirements solely by incorporating his arguments below. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (denying *pro se* litigant's request to incorporate "his objections to the magistrate judge's report and in various state court pleadings"). "[S]uch a practice has been consistently and roundly condemned, and any incorporated argument is ordinarily deemed forfeited, even when advanced by a pro se litigant." *United States v. Orrego-Martinez*, 575 F.3d 1, 8 (1st Cir. 2009) (internal quotation marks and citations omitted).

This is hardly the technical enforcement of a rule for its own nit-picking sake. Had Nali's only briefing omission been the failure to include a "summary of the argument," as indeed he failed to provide and as the Appellate Rules also require, *see* Fed. R. App. P. 28(a)(8), I would not have a problem with overlooking the error. But when the litigant offers no argument to summarize and

nothing more than an invitation to rummage through the district court pleadings to identify any mistake loosely connected with a broadly defined issue (*viz.*, "Should I have lost below?"), he is not asking us to overlook the understandable mistake of a lay-person advocate. He is asking us to be a judge *and* advocate in the case, a division of responsibilities we should try to preserve rather than blur.

What is more, when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system. Excusing a complete lack of appellate briefing does not level the playing field between an uncounseled litigant and his adversary; it gives the *pro se* litigant a distinct advantage. How can an appellee respond to arguments the appellant never articulates? And how can we tether the appellee to the applicable page-limit requirements, when the appellant's brief includes everything in a potentially voluminous lower-court record?

This case, indeed, illustrates the problem with this approach. The claim Nali prevails on today—his speech-retaliation claim—is one that he not only failed to develop on appeal but also failed to complain about in his objections to the magistrate's report and recommendation. *See* Nali App. D. As a result, the first notice that the appellee—and the district court—will receive of the appellant's winning "argument" is when they read the court of appeals decision reversing the district court's judgment. That is no way to run a court system. Breathing new life into this doubly forfeited claim both undermines our adversarial system and oversteps the appropriate constraints on our powers

08-1599
*Nali v. Ekman*

of appellate review. *Cf. Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry . . . .")

Such a lax, indeed non-existent, briefing requirement does not just create inequities between litigants in any one case. If we confer on some *pro se* litigants the benefit of crafting their arguments for them, I see no reason why we should not do so for all *pro se* litigants, or even for all parties. Because *pro se* appellants, like all other appellants, must make some effort to explain why the lower court erred, and because Nali has made no such effort, I would affirm. The majority seeing the issue differently, I respectfully dissent.

08-1599
*Nali v. Ekman*

Appendix to Opinion of Sutton, Circuit Judge.


Nali's handwritten brief contains a table of contents, a one-and-a-half page statement of facts,

a one-sentence jurisdictional statement and a "Relief Sought" section requesting the court to reverse

the district court's decision. The rest of his brief, in its entirety, reads as follows:


ISSUES PRESENTED

Whether the Trial Court Should Have Dismissed Plaintiff's Claims Against The Defendants.


LAW AND ARGUMENT

Plaintiff filed a 115 item complaint against 6 MDOC employees, actually 5 MDOC employees and a CMS employee. See appendix A. The complaint was based upon three major misconduct tickets. See appendix B.

The district court entered a report and recommendation to dismiss plaintiff's case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c). See App. C.

Plaintiff filed objections to the report and recommendations. See appendix D. The district court adopted the magistrate's report and recommendation. See appendix E.

Plaintiff request[s] leave to appeal in this court. See appendix F.

Plaintiff contends that his submissions in the district court and this court sufficiently addressed the issue, and includes all his exhibits in the appendices as an integral part of this argument, and his appeal.