WHITE, Circuit Judge.
Plaintiff Frank Nali challenges the district court’s dismissal of his civil rights action for failure to state a claim on which relief can be granted. We conclude that Nali stated a claim under the First Amendment, but that the district court properly dismissed his remaining federal claims. We therefore affirm in part, vacate in part and remand for further proceedings.
I
Nali was convicted of extortion in 1992 and was incarcerated at the Ojibway Correctional Facility in Michigan when he filed the instant suit. People v. Nali, No. 247843, 260267, 2005 WL 3556110, at *1 (Mich.Ct.App. Dec. 29, 2005). After prison officials cited him for a major misconduct infraction, Nali sued them and other corrections officials, alleging that they had violated his federal and state civil rights. The magistrate judge recommended that the court dismiss Nali’s federal claims for lack of merit and decline to exercise pendent jurisdiction over his state law claims. The district court adopted the magistrate judge’s report and recommendation, over Nali’s objections.
A
Nali’s seventeen claims can be broadly grouped into three types of federal claims—due process, speech—retaliation and equal protection—and various state-law claims. We affirm the dismissal of the due process and equal protection claims, but reverse as to the speech-retaliation claim.
We do not agree with our dissenting colleague that Nali waived his First Amendment claim.[1] Neither the magistrate nor the district court addressed Nali’s First Amendment claim, which alleged that defendant Buda advised defendant Flahaug to write a misconduct ticket in retaliation for Nali’s filing of a grievance against Buda. The magistrate’s report and recommendation concluded in relevant part that Nali’s claims “regarding the allegedly false misconduct convictions remain noncognizable under § 1983” due to the Supreme Court’s holding in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In response, Nali objected to the magistrate’s application of Heck. The district court rejected Nali’s objections. Under the circumstances that it appeared that the report and recommen *911 dation recommended dismissal of the First Amendment claim under the Heck doctrine—since the claim was not otherwise addressed—Nali did not forfeit his argument that the First Amendment claim was dismissed in error by failing to specifically address it. Further, “[w]hen a district court fails to rule on a claim, we usually remand for consideration below.” United States v. Kennedy, 220 Fed.Appx. 407, 409 (6th Cir.2007) (unpublished disposition); cf. Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 552 (6th Cir.2004) (“The district court’s failure to rule on the motion requires that we remand for consideration anew.”).
B
Nali’s allegations appear to state a First Amendment retaliation claim. As this court explained in Smith v. Campbell, 250 F.3d 1032, 1036-37 (6th Cir.2001):
A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817[ 94 S.Ct. 2800, 41 L.Ed.2d 495] (1974). Retaliation based upon a prisoner’s exercise of his or her constitutional rights violates the Constitution. See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir.1999). To establish a First Amendment retaliation claim, the plaintiff must prove that: 1) the plaintiff engaged in activities protected by the Constitution or statute; 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct.
This court has held that a pro se plaintiffs complaint should only be dismissed for failure to state a claim if it appears “beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Herron v. Harrison, 203 F.3d 410, 414 (6th Cir.2000) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In this light, Nali’s allegation that defendants Buda and Flahaug initiated the March 21, 2007 misconduct citation in retaliation for Nali’s non-frivolous grievance against Buda may entitle him to relief on remand. See Thomas v. Eby, 481 F.3d 434, 440 (6th Cir.2007) (recognizing an inmate’s undisputed First Amendment right to file grievances against prison officials on his own behalf); see also Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir.1999); Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir.1996).
Under the Heck doctrine, when success in a prisoner’s § 1983 action would necessarily implicate the lawfulness of the prisoner’s conviction or duration of sentence, “a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus.” Heck, 512 U.S. at 486-87, 114 S.Ct. 2364. However, in Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court clarified that if success on a § 1983 claim “does not mean immediate release from confinement or a shorter stay in prison,” but instead “means at most new eligibility review, which at most will speed consideration of a new parole application,” the habeas exception to § 1983 does not apply. Two years later, this court concluded that under Michigan’s disciplinary credit program, a prisoner’s success on a “§ 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to grant him parole.” Eby, 481 F.3d at 439-40 (citing Mich. Comp. Laws § 800.33(3), (5), and the *912 Michigan Court of Appeals’ interpretation of the disciplinary credit program). As a result, the court held that the habeas exception did not apply to the prisoner’s § 1983 claim. Id. at 440.
During the pendency of the instant appeal, Nali’s conviction was vacated and his petition for writ of habeas corpus unconditionally granted. See Nali v. Phillips, 630 F.Supp.2d 807 (E.D.Mich.2009). On July 8, 2009, the district court in that case denied respondent’s motion to stay and granted Nali’s motion for immediate release. Nali v. Phillips, No. 07-CV-15487 (E.D. Mich, filed July 8, 2009), 2009 WL 1956946, at *3. We thus need not address the district court’s conclusion that Heck applies to Nali’s claims, except to note that the court failed to distinguish between Michigan’s good time credit program, available to prisoners “serving a sentence for a crime committed before April 1, 1987” and Michigan’s disciplinary credit program, available to prisoners “serving a sentence for a crime that was committed on or after April 1, 1987.” Compare Mich. Comp. Laws § 800.33(2), ivith Mich. Comp. Laws § 800.33(3), (5). See also Mich. Comp. Laws. § 800.34.
C
Regarding Nali’s remaining claims, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), bars his federal due process claims. As Sandin makes clear, “finding[s] of misconduct,” even findings that could lengthen a prison sentence, do not implicate a protected liberty interest so long as the parole board retains discretion to release a prisoner based on a “myriad of considerations” and so long as the prisoner may “explain the circumstances behind his misconduct record” to the board. 515 U.S. at 487, 115 S.Ct. 2293. In this instance, the major misconduct findings resulted in the accumulation of “disciplinary time” to Nali’s sentence, a factor submitted to the parole board as one among many other considerations they may account for in deciding whether to grant early release. Mich. Adm.Code R. 791.5515(2), 791.7715. Because these findings represent just one among many factors that could affect the length of Nali’s indeterminate sentence and because no one denies that Nali has the right to explain the circumstances of the misconduct charge, the findings do not inevitably affect the duration of Nali’s sentence and do not effect an “atypical and significant hardship on [Nali] in relation to the ordinary incidents of prison life.” Sandin, 515 U.S. at 483, 484, 115 S.Ct. 2293; see also Thompson v. Mich. Dept. of Corrs., 25 Fed.Appx. 357, 358 (6th Cir.2002) (unpublished disposition) (concluding that a misconduct citation in the Michigan correctional system did not affect the prisoner’s constitutional liberty interests).
Nali’s federal Equal Protection Clause claim—that defendants “conspir[ed]” to issue the two major misconduct infractions for racially discriminatory reasons, also fails. Although Nali is correct that the magistrate (and district court) misunderstood the statutory basis for his discrimination claims, believing that he had premised the claim on § 1983, as opposed to § 1985, Nali has not shown that they erred in concluding that the claims still fail as a matter of law.
In order to plead a cognizable § 1985 claim, Nali must allege specific facts that, taken together, plausibly suggest that (1) two or more individuals “conspire[d] ... for the purpose of depriving [him] of the equal protection of the laws,” (2) they acted to further that conspiracy and (3) he was injured as a result. Center for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir.2007); see also Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). As the magistrate and district court recognized, Nali failed to *913 plead sufficient facts to state a cognizable Equal Protection Clause claim. In connection with this requirement, he alleged that “[defendants’ motives were racially based [and] supported by animosity towards plaintiff.” But, as the Supreme Court recently held, a complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief. See Ashcroft v. Iqbal, - U.S. -, 129 S.Ct. 1937, 1950-51, 173 L.Ed.2d 868 (2009). Nali’s claim can survive only if he pleaded facts supporting that conclusion. He has not done so. The fact that “defendants are Caucasian” and that Nali “is non-caueasian” does not by itself show that defendants were motivated to discriminate against him on the basis of his race or ethnicity. Although Nali adds that “no one else was ticketed” for similar conduct (being in the chow hall at the wrong time), that fact does not show discrimination unless accompanied by some evidence that the people not disciplined were similarly situated and of a different race, see Coker v. Summit County Sheriff’s Dept., 90 Fed.Appx. 782, 790 (6th Cir.2003) (unpublished disposition)—facts he does not allege in his complaint. The district court properly dismissed this claim.
Nali asserted state law claims for negligence, defamation, and intentional infliction of emotional distress. The district court declined to exercise pendent jurisdiction over these claims on the ground that Nali failed to state a federal claim. Because Nali stated a claim under the First Amendment, the district court should revisit whether to exercise pendent jurisdiction over the state law claims. See e.g., Voyticky v. Village of Timberlake, Ohio, 412 F.3d 669, 675 (6th Cir.2005).
We affirm the dismissal order in part, vacate in part and remand for further consideration of the First Amendment and state law claims.

. As mentioned, in the instant case the magistrate judge wrote a report and recommendation to which Nali objected. The district court then adopted the report and recommendation. In such a situation, though it is not ideal, we do not think it is unreasonable for a pro se appellant to cite his objections to the report and recommendation, note the district court's adoption of the report over his objections, refer the appellate court to the relevant submissions, and attach those submissions as appendices to the appeal. See Erickson v. Pardas, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("A document filed pro se is ‘to be liberally construed,’ Estelle [v. Gamble], 429 U.S. [97], at 106, 97 S.Ct. 285 [1976], and 'a pro se complaint, however manfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid."); cf. Banks v. Jackson, 149 Fed.Appx. 414, 422 n. 7 (6th Cir.2005) (unpublished disposition) (holding a pro se habeas petitioner did not forfeit his argument for a stay despite failing to request the stay at the district court or in his brief on appeal).