NOT RECOMMENDED FOR PUBLICATION

File Name: 13a0383n.06

No. 12-1843

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 17, 2013*

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| DOUGLAS MACARTHUR GUILE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| G. BALL, ADW; JOHN KINCAID, | ) WESTERN DISTRICT OF MICHIGAN |
| A/Inspector; UNKNOWN NOVAK, Hearing | ) |
| Investigator; JOHN PRELESNIK, Warden, | ) |
| | ) |
| Defendants-Appellants | ) |
| | ) |
| | ) |

BEFORE:     MERRITT, SUHRHEINRICH, and DONALD, Circuit Judges.

**MERRITT, Circuit Judge**.  This is an appeal from the dismissal of a prisoner's Section 1983 case.  For the reasons set forth below, we affirm the judgment of the district court.

**I. Facts**

The district court's opinion fully laid out the facts in this case before dismissing Douglas Guile's Eighth Amendment, Equal Protection, and Due Process claims. *Guile v. G. Ball et al.*, 2012 WL 1932792 (W.D. Mich. May 29, 2012).  Guile only appeals the dismissal of the due process claim so we will only set forth the facts relevant to that issue.[1]

---

[1]The district court found no good-faith basis for appeal.  Accordingly, the Appellants in this case were not served by either the district court or this Court and were not required to submit a brief on appeal.  The Appellants did not file a brief with this Court.

Guile's complaints stem from his incarceration at the Richard A. Handlon Correctional Facility and Bellamy Creek Correctional Facility in Michigan. This is Guile's version of events. On September 16, 2009, Guile's cellmate, Lester Enness, returned to the cell noticeably drunk and high and asking for money. After Guile refused to give him money, Enness left. Later that night, Guile saw Enness coming down the stairs and approached him with two other correctional officers. One of the officers commented on Enness' strong smell of alcohol and took him to the segregation unit for questioning. At around 2:00 a.m., Guile was escorted to a segregation cell where he received notice of the prison's intent to conduct an administrative hearing. Acting Inspector, Defendant Kincaid, told Guile the next day that Enness claimed that Guile had sexually assaulted him. Guile denied the allegations.

On September 20, 2009, the prison held an administrative hearing. Guile was present. He provided statements from another prisoner as well as two other officers. The hearing officer, Defendant Novak, relying in part on certain confidential statements, found Guile's denial of the assault to be self-serving and not credible. Guile was found guilty, given a major misconduct ticket, and received an increase in his custody level. He was taken to a level 4 administrative segregation unit.

Two days later, Guile submitted a timeline to the hearing investigator and requested the incident report from the Michigan State Police as well as the results of any physical examination of his accuser. He was not given these results and later told they did not exist. Guile claims, however, that Defendant Warden Prelesnik responded to an inquiry from the American Friends Service

Committee, indicating that a rape kit had been collected, but was later destroyed after Enness refused to cooperate with the investigation.

On October 16, 2009, Guile was transferred to level 5 custody at Marquette Branch Prison and informed that he had been labeled a "Homosexual Predator" in the Michigan Department of Correction database.

Guile appealed the hearing determination to the Hearings Administrative Division. The appeal was denied. Guile then filed an untimely petition for judicial review, which was dismissed based on its late filing date. Guile subsequently filed this Section 1983 action in the district court, alleging several constitutional violations, including a violation of due process. The district court dismissed the case for failure to state a claim. Guile timely appealed the dismissal of the due process violation.

## II. Analysis

### A. Standard of Review

We review de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). We view all of the facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to the plaintiff. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Dismissal is appropriate if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.*

### A. Due Process Claim

Guile claims that the prison officials deprived him of his due process rights by taking his liberty interests, i.e. giving him a major misconduct ticket and higher security classification, without due process of law. Certainly, a prisoner is not "wholly stripped of constitutional protections." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). Yet, a prisoner is not entitled to the full panoply of rights which apply to a criminal defendant at trial, and a prisoner's rights may be diminished by the needs and exigencies of the institutional environment. *Id*. at 555-56.

Furthermore, the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandlin v. Conner*, 515 U.S. 472, 478 (1995). Although certain forms of discipline, such as the stripping of good time credits, may implicate a liberty interest, *Wolff*, 418 U.S. at 558, other forms of discipline must rise to the level of an "atypical, significant deprivation" in order to create a liberty interest. *Sandlin*, 515 U.S. at 484. Although the indefinite confinement of a prisoner to administrative segregation, *see Harden-Bey v. Rutter*, 524 F.3d 798, 792 (6th Cir. 2008), or the transfer to a type of maximum security facility with virtually no sensory or environmental stimuli, *see Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), can create a liberty interest due to its "atypical, significant deprivation," a simple transfer, issuance of a major misconduct ticket, and a higher security classification does not trigger a liberty interest. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009); *Thompson v. Mich. Dept. of Corrs.,* 25 F. App'x. 357, 358 (6th Cir 2002). Without a demonstrated liberty interest or an atypical, significant deprivation, Guile's due process claim fails.

In regard to the administrative hearing process itself, Guile received notice, presented evidence, and had the ability to call witnesses. The Defendants complied with the requirements set forth in *Wolff*. Although Guile did not receive the incident report or the results of the rape kit, if one was performed, he is not entitled to full discovery as he would be at a criminal trial. We find that the procedures of the administrative hearing did not violate Guile's due process rights.

### III. Conclusion

Guile did not present any facts in support of his claim of a due process violation that would entitle him to relief. Accordingly, the judgment of the district court is affirmed.